_____
**JEFFREY S. WALTERS, ESQ.**
**ID# JW2333**
**LAW OFFICES OF JEFFREY S. WALTERS, LLC**
**3000 Atrium Way Suite 2201**
**Mount Laurel, New Jersey 08054**
**(856) 552-1045;  FAX: (856) 974-8859**
**Attorneys for Creditor Stacey Edwards**
_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re Brice Edwards, | : | Case No: 24-11377 (CMG) |
|  | : | Chapter: 13 |
| Debtor. | : |  |
|  | : | Confirmation Hearing Date: 10/16/2024 |

**NOTICE OF OBJECTION TO CONFIRMATION OF PLAN**

The undersigned, LAW OFFICES OF JEFFREY S. WALTERS, LLC, attorneys for creditor STACEY EDWARDS, a creditor in the above-captioned bankruptcy proceeding, hereby objects to the confirmation of the debtor's proposed Chapter 13 Plan on the following grounds:

**DEBTOR'S PLAN DOES NOT PROVIDE FOR PAYMENT OF**
**CREDITOR'S PRIORITY CLAIM AS REQUIRED BY 11 U.S.C. 1325(a)(2)**

1. Debtor is obligated under a Domestic Support Obligation. Creditor filed a Proof of Claim, claim #11, for spousal support arrears in the amount of $83,016.35.

2. Creditor's claim is a priority claim for a domestic support obligation under 11 U.S.C. § 507(a)(1)(A).

3. 11 U.S.C. 1325(a)(2) requires that the plan provide for full payment of all claims entitled to priority under Section 507, unless the holder of the claim agrees to a different treatment of such claim. Creditor has not agreed to any different treatment.

4. Therefore, 11 U.S.C. 1325(a)(2) prohibits confirmation, because Debtor's plan does not provide for this priority claim of $83,016.35.

**FEASABILITY**

5. Debtor's plan, even if it were to be modified to include the aforesaid priority claim in the amount of $83,016.35, is not feasible. Debtor has insufficient income to fund the necessary Plan.

**11 U.S.C. 1325(A)(8) PRECLUDES CONFIRMATION**

6. The plan may not be confirmed because the debtor has failed to comply with 11 U.S.C. 1325(a)(8).

7. Debtor is obligated under a Domestic Support Obligation. Creditor filed a Proof of Claim, claim #11, for spousal support arrears in the amount of $83,016.35.

8. As contained in the attachment to the claim, Debtor was obligated to pay $1,700/month toward the arrears commencing December 1, 2021.

9. Debtor filed his Chapter 13 bankruptcy petition on February 14, 2024. Since that time, eight (8) months have passed during which Debtor should have been paying $1,700/month toward the arrears. Debtor has only made four (4) such payments since the time of his bankruptcy filing.

10. Therefore, 11 U.S.C. 1325(a)(8) prohibits confirmation.

**CONCLUSION**

11. For all of the above reasons, confirmation must be denied.

**WHEREFORE,** the Creditor respectfully requests that either (1) the Court deny confirmation of the debtors' plan; or (2) confirm the plan if it is amended/modified in accordance herewith.

                                    LAW OFFICES OF JEFFREY S. WALTERS LLC
                                    Attorneys for Stacey Edwards

Dated: 10/8/2024        By: /S/ JEFFREY S. WALTERS
                                      JEFFREY S. WALTERS

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**